UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

FRANCISCO SANCHEZ,

Defendant.

21-CR-00070 (PMH)

**ORDER**

PHILIP M. HALPERN, United States District Judge:

On January 30, 2023, Francisco Sanchez ("Defendant") was sentenced principally to a term of imprisonment of 27 months on Count 1 for violation of 18 U.S.C. § 922(g)(1), to run consecutively with a term of imprisonment of 24 months for violation of supervised release in Case No. 13-cr-0065, for a total term of imprisonment of 51 months. (Doc. 73).

Defendant, proceeding *pro se*, filed a motion to reduce his sentence pursuant to Amendment 821 on January 9, 2024. (Doc. 75). Defense counsel filed an appearance on February 28, 2024. (Doc. 76). The Government filed its opposition to Defendant's motion on March 8, 2024 (Doc. 79) and defense counsel filed a brief supplementing Defendant's *pro se* submission on March 25, 2024 (Doc. 81).

Defendant argues—relying on Probation's Supplemental Presentence Report filed on December 5, 2023 (Doc. 74)—that he is eligible for a sentence reduction under Amendment 821, under which his Guidelines range would be 15 to 21 months, based on a total offense level of 12 and a criminal history category of III.[1] (Doc. 81). The Government argues—assuming *arguendo* that Defendant qualifies for a sentence reduction under Amendment 821—that the 18 U.S.C. §

---

[1] Defendant's Guidelines range at sentencing was 21 to 27 months, based on a total offense level of 12 and a criminal history category of IV. (Doc. 74).

3553(a) factors weigh against a sentence reduction because "there remains a serious risk of recidivism here, as well as a clear pattern of a lack of respect for the law, and a pressing need for specific deterrence." (Doc. 79 at 3-4).[2] The Court, at Defendant's sentencing, balanced the Section 3553(a) factors including, *inter alia*, the seriousness of the offense conduct, Defendant's criminal history, and the mitigating factors presented by Defendant's lack of youthful guidance, issues with alcohol dependence, and his continued efforts to treat his mental health issues. (Doc. 74 at 18). The offense conduct here does not become more serious as a result of the Guidelines amendment. The Court, after considering all the Section 3553(a) factors, sentenced Defendant to a term of imprisonment at the top end of the Guidelines range. (*Id.*). The top end of the Guidelines range, after the enactment of Amendment 821, is now 21 months. The Section 3553(a) analysis has not changed since the Court imposed the sentence.

The Court finds that Defendant is eligible for a sentence reduction and adopts the above calculations as to Defendant's Guidelines range.

Having considered the record in this case and the parties' arguments, it is **ORDERED** that Defendant's term of imprisonment on Count 1 for violation of 18 U.S.C. § 922(g)(1) is reduced to 21 months' imprisonment, to run consecutively with a term of imprisonment of 24 months for violation of supervised release in Case No. 13-cr-0065, for a total term of imprisonment of 45 months. All other components of the sentence remain as originally imposed.

---

[2] The Government additionally argues that "if the Court is inclined to grant the defendant's motion, it should first provide an opportunity for any victims of the defendant's crime to be heard" pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(4). (Doc. 79 at 3, n.1). The Government further noted that it had contacted the Defendant's ex-wife and asked her to put together her submission by Monday, March 11, 2024. (*Id.*). Defendant's ex-wife has not submitted a victim impact statement. The PSR notes that "[t]his is a Title 18 offense and there is no identifiable victim." (Doc. 74 ¶ 15). The Court, on April 19, 2024, directed the Government to contact any victims in this case to determine if they wish to file a victim impact statement in connection with the instant motion for a sentence reduction and further directed that any such victim impact statements, "shall be filed by May 3, 2024." (Doc. 82). As of the date of this Order, the Court has not received any victim impact statement in connection with Defendant's motion for a sentence reduction.

**SO ORDERED.**

Dated: White Plains, New York
       May 9, 2024

_____
PHILIP M. HALPERN
United States District Judge